1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   MACEY E TURLEY, JR.,                        No.  1:23-cv-01092-SAB (PC)

12                   Plaintiff,                   SCREENING ORDER GRANTING
                                                  PLAINTIFF LEAVE TO FILE AN
13         v.                                     AMENDED COMPLAINT

14   SGT. GARCIA, et al.                          (ECF No. 1)

15                   Defendants.

16

17         Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42

18   U.S.C. § 1983.

19         Currently before the Court is Plaintiff's complaint, filed July 20, 2023.

20                                          **I.**

21                          **SCREENING REQUIREMENT**

22         The Court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

26   "seek[] monetary relief against a defendant who is immune from such relief."   28 U.S.C. §

27   1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

28   ///

                                             1

1      A complaint must contain "a short and plain statement of the claim showing that the pleader

2   is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

3   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

4   statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp.

5   v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant

6   personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930,

7   934 (9th Cir. 2002).

8      Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

9   liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

10   1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

11   facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

12   that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

13   v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

14   has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

15   liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d

16   at 969.

17                                                **II.**

18                              **SUMMARY OF ALLEGATIONS**

19      The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the

20   screening requirement under 28 U.S.C. § 1915.

21      On January 2, 2023, at approximately 12:00 p.m., inmate Gray had a letter of Plaintiff's

22   from the State Bar of California from an investigator advising Plaintiff to contact him.  Plaintiff

23   asked sergeant Garcia how to set up a legal call, who told Plaintiff to give him the letter and he

24   would send an email to the litigation department.  Plaintiff advised Garcia that inmate Gray had his

25   letter.  The next day, Garcia went to get the letter from inmate Gray and sent an email for a legal

26   telephone call.  After a week passed, Plaintiff asked Garcia about the telephone call and asked for

27   his letter back.  Garcia stated that he gave the letter to De La Torre because they was an alarm that

28   he had to respond to.  It has been four months and Plaintiff has received his letter back.

1    Plaintiff believes officers are messing with his mental illness in order to torture him.

2    On April 27, 2023, an officer repeatedly kicked Plaintiff's cell door to get a reaction out of

3    Plaintiff.

4    **III.**

5    **DISCUSSION**

6    **A.    Legal Mail**

7    Prisoners have "a First Amendment right to send and receive mail." <u>Witherow v. Paff</u>, 52

8    F.3d 264, 265 (9th Cir. 1995) (per curiam). Nevertheless, prison officials have a legitimate

9    governmental interest in imposing certain restraints on inmate or detainee correspondence to

10   maintain order and security. <u>See</u> <u>Procunier v. Martinez</u>, 416 U.S. 396, 413 (1974), overturned on

11   other grounds by <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 413-14 (1989).

12   Inmates also have a protected First Amendment interest in having properly marked civil

13   legal mail opened only in their presence. <u>Hayes v. Idaho Corr. Ctr.</u>, 849 F.3d 1204 (9th Cir. 2017).

14   The Ninth Circuit "recognize[s] that prisoners have a protected First Amendment interest in having

15   properly marked legal mail [including civil mail] opened only in their presence." <u>Id.</u>, 1211 (9th Cir.

16   2017). "[A] plaintiff need not allege a longstanding practice of violating his First Amendment rights

17   in order to state a claim for relief on a direct liability theory." <u>Id.</u> at 1212. Isolated incidents of

18   interference without any evidence of improper motive or interference with the inmate's right to

19   counsel or access to the courts fails to show a constitutional violation. <u>Smith v. Maschner</u>, 899 F.2d

20   940, 944 (10th Cir. 1990). "Two or three pieces of mail opened in an arbitrary or capricious way

21   suffice to state a claim." <u>Id.</u> at 1211 (quoting <u>Merriweather v. Zamora</u>, 569 F.3d 307, 318 (6th Cir.

22   2009)) (internal quotations omitted).

23   The First Amendment does not prohibit opening mail from the courts outside the recipient's

24   presence because it is not legal mail. <u>Hayes</u>, 849 F.3d at 1211; <u>see also</u> <u>Keenan v. Hall</u>, 83 F.3d

25   1083, 1094 (9th Cir. 1996) ("[M]ail from the courts, as contrasted with mail from a prisoner's

26   lawyer, is not legal mail."). "[A]ll correspondence from a court to a litigant is a public document,

27   which prison personnel could open if they want to inspect in the court's files." <u>Keenan</u>, 83 F.3d at

28   1094 (quoting <u>Martin v. Brewer</u>, 830 F.2d 76, 78 (7th Cir. 1987)).

3

1    Confidential correspondence between a prisoner and his attorney is protected by the Sixth

2    Amendment. See Nordstrom v. Ryan, 762 F.3d 903, 909 (9th Cir. 2014) ("What prison officials

3    don't have the right to do is read a confidential letter from an inmate to his lawyer."). Additionally,

4    the Ninth Circuit "recognize[s] that prisoners have a protected First Amendment interest in having

5    properly marked legal mail opened only in their presence." Hayes v. Idaho Corr. Ctr., 849 F.3d

6    1204, 1211 (9th Cir. 2017). This protection, however, does not extend to correspondence with

7    government agencies.  O'Keefe v. Van Boening, 82 F.3d 322, 326 (9th Cir. 1996) (upholding prison

8    policy including reviewing inmate correspondence with government officials, stating "Regulating

9    correspondence between prisoners and government agencies can serve to prevent criminal activity

10   and maintain prison security"); Hamilton v. Department of Corrections, 43 F. App'x 107 (9th Cir.

11   2002) (unreported) ("Although Hamilton may have a right to correspond confidentially with an FBI

12   agent under California law, see Cal. Code Regs. tit. 15, § 3141(a) & (c)(2) (inmates may correspond

13   confidentially with federal officials appointed by the President of the United States, and their staff

14   members), no such federal constitutional right exists"); Grigsby v. Horel, 2008 WL 11422633, at

15   *2 (N.D. Cal., Apr. 28, 2008); aff'd 341 F. App'x 314 (9th Cir. 2009) ("The cited incoming mail

16   from the Commission on Judicial Performance, Del Norte County Superior Court and the State Bar

17   of California is not material because it was not 'legal mail.' "); Williams v. Simon, 2018 WL

18   1585785, at *4 (D. Or. Mar. 30, 2018) ("A prison need not treat all mail sent to government officials

19   as legal mail.").

20          Plaintiff's claim is premised on the confiscation of a letter from a bar organization, not mail

21   from an attorney. Because First Amendment protections do not extend to letters from government

22   agencies, Plaintiff fails to state a claim against any of these defendants.  See Mann v. Adams, 846

23   F.2d 589, 590-91 (9th Cir. 1988) (per curiam) (no constitutional violation when mail from public

24   agencies, public officials, and news media was opened outside inmate's presence); Grigsby v.

25   Horel, 341 F. App'x 314, 314 (9th Cir. 2009) (mailings to and from public and state agencies are

26   not legal mail and could be read by prison officials); Barstad v. Dep't of Corr., No. C14-0523RSL-

27   MAT, 2015 WL 1867082, at *13 (W.D. Wash. Apr. 23, 2015) (prison officials were not required

28   to open mail from state agency in inmate's presence); Blaisdell v. Dep't of Pub. Safety, No. 14-

4

1  00433 JMS/RLP, 2014 WL 5581032, at *4 (D. Haw. Oct. 31, 2014) ("[M]ail to and from state

2  agencies is not 'legal mail,' and may be opened and inspected outside an inmate's presence."); Cripe

3  v. Hininger, No. 6:12cv422, 2013 WL 1984379, at *3 (E.D. Tex. Apr. 25, 2013) (mail from "Child

4  Protective Services" and "Family Services" was not legal mail and could be opened outside inmate's

5  presence).

6        Similarly, the complaint contains no allegations from which it could be inferred that the

7  mail from the State Bar concerned Plaintiff's representation in a pending matter and was legal mail.

8  See Hayes v. Radford, No. 1:09-CV-00555-BLW, 2012 WL 4481213, at *8 (D. Idaho Sept. 28,

9  2012) ("Hayes I") (mail to inmate from Idaho State Bar was not legal mail), aff'd, 584 F. App'x

10  633 (9th Cir. 2014); Jenkins v. Huntley, 235 F. App'x 374, 376 (7th Cir. 2007) (letter from Illinois

11  Attorney Registration and Disciplinary Commission was not legal mail, particularly when inmate

12  was not represented or seeking representation by Commission). The State Bar "does not provide

13  legal advice or directly represent clients in legal matters." Hayes I, 2012 WL 4481213, at *8.

14  Accordingly, Plaintiff fails to state a cognizable claim for relief.

15        **B.    Deprivation of Property**

16        The Due Process Clause of the Fourteenth Amendment of the United States Constitution

17  protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell,

18  418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, Hansen v.

19  May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are

20  actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984);

21  Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only

22  when the agency "prescribes and enforces forfeitures of property without underlying statutory

23  authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d

24  1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal

25  quotations omitted).

26        The Due Process Clause is not violated by the random, unauthorized deprivation of property

27  so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. at

28  533; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

1    Plaintiff's claim that his legal letter was improperly confiscated from him fails to give rise

2    to a cognizable claim for relief.  Plaintiff's claim reflects a random and unauthorized deprivation of

3    property, which is not cognizable under section 1983. Plaintiff's property claim may be actionable

4    under state law, but such a claim must be brought in state court rather than in federal court. Indeed,

5    Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not

6    pursue a due process claim arising out of the unlawful confiscation of his personal property.

7    Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895). Accordingly, Plaintiff fails to state

8    a cognizable due process claim.

9         **C.     Retaliation**

10        Allegations of retaliation against a prisoner's First Amendment rights may support a § 1983

11   claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez,

12   866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). A retaliation

13   claim requires "five basic elements: (1) An assertion that a state actor took some adverse action

14   against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)

15   chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

16   advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)

17   (footnote omitted); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v.

18   Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

19        To the extent Plaintiff contend that Defendants retaliated against him, he has failed to allege

20   that any adverse action was taken because of the exercise of his constitutional rights.  Accordingly,

21   Plaintiff fails to state a cognizable claim for relief.

22                                      **IV.**

23                        **CONCLUSION AND ORDER**

24        For the reasons discussed, Plaintiff fails to state a cognizable claim for relief and shall be

25   granted leave to file an amended complaint to cure the deficiencies identified in this order, if she

26   believes she can do so in good faith.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

27        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

28   each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal,

1   556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to

2   raise a right to relief above the speculative level . . . ."  <u>Twombly</u>, 550 U.S. at 555 (citations

3   omitted).  Further, Plaintiff may not change the nature of this suit by adding new, unrelated

4   claims in his amended complaint.  <u>George</u>, 507 F.3d at 607 (no "buckshot" complaints).

5          Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

6   <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended

7   complaint must be "complete in itself without reference to the prior or superseded pleading."

8   Local Rule 220.

9          Based on the foregoing, it is HEREBY ORDERED that:

10     1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

11     2.     Within thirty (30) days from the date of service of this order, Plaintiff shall file an

12            amended complaint;

13     3.     Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length;

14            and

15     4.     If Plaintiff fails to file an amended complaint in compliance with this order, the

16            Court will recommend to a district judge that this action be dismissed consistent

17            with the reasons stated in this order.

18

19   IT IS SO ORDERED.

20   Dated:   __August 7, 2023__

     UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28