1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    MACEY E TURLEY, JR.,                    No.  1:23-cv-01092-SAB (PC)

12                  Plaintiff,                ORDER DIRECTING CLERK OF COURT TO
                                              RANDOMLY ASSIGN A DISTRICT JUDGE
13        v.                                  TO THIS ACTION

14    SGT. GARCIA, et al.                     FINDINGS AND RECOMMENDATIONS
                                              RECOMMENDING DISMISSAL OF ACTION
15                  Defendants.
                                              (ECF No. 13)
16

17
            Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42
18
      U.S.C. § 1983.
19
            On August 7, 2023, the Court screened Plaintiff's complaint, found no cognizable claim,
20
      and granted Plaintiff thirty days to file an amended complaint.  (ECF No. 8.)  Plaintiff failed to
21
      file an amended complaint or otherwise respond to the Court's order.  Therefore, on September
22
      18, 2023, the Court ordered Plaintiff to show cause why the action should not be dismissed.
23
      (ECF No. 9.)  Plaintiff filed a response on October 6, 2023.  (ECF No. 11.)  In his response,
24
      Plaintiff expressed his desire to proceed with the case.  (ECF No. 11.)  On October 10, 2023, the
25
      Court discharged the order to show cause and granted Plaintiff thirty day to file an amended
26
      complaint in accordance with the Court's August 7, 2023 screening order.  (ECF No. 12.)
27
      Plaintiff failed to fil an amended complaint or otherwise respond to the Court's October 10, 2023,
28

                                                1

order.  Accordingly, on November 20, 2023, the Court again ordered Plaintiff to show cause why the action should not be dismissed.  (ECF No. 13.)  Plaintiff has not responded to the order to show cause and the time to do so has passed.  Accordingly, dismissal is warranted.

# I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

2

**II.**

**SUMMARY OF ALLEGATIONS**

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On January 2, 2023, at approximately 12:00 p.m., inmate Gray had a letter of Plaintiff's from the State Bar of California from an investigator advising Plaintiff to contact him.  Plaintiff asked sergeant Garcia how to set up a legal call, who told Plaintiff to give him the letter and he would send an email to the litigation department.  Plaintiff advised Garcia that inmate Gray had his letter.  The next day, Garcia went to get the letter from inmate Gray and sent an email for a legal telephone call.  After a week passed, Plaintiff asked Garcia about the telephone call and asked for his letter back.  Garcia stated that he gave the letter to De La Torre because they was an alarm that he had to respond to.  It has been four months and Plaintiff has received his letter back.

Plaintiff believes officers are messing with his mental illness in order to torture him.

On April 27, 2023, an officer repeatedly kicked Plaintiff's cell door to get a reaction out of Plaintiff.

**III.**

**DISCUSSION**

**A.    Legal Mail**

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Nevertheless, prison officials have a legitimate governmental interest in imposing certain restraints on inmate or detainee correspondence to maintain order and security. See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989).

Inmates also have a protected First Amendment interest in having properly marked civil legal mail opened only in their presence. Hayes v. Idaho Corr. Ctr., 849 F.3d 1204 (9th Cir. 2017). The Ninth Circuit "recognize[s] that prisoners have a protected First Amendment interest in having properly marked legal mail [including civil mail] opened only in their presence." Id., 1211 (9th Cir. 2017). "[A] plaintiff need not allege a longstanding practice of violating his First Amendment rights

1   in order to state a claim for relief on a direct liability theory." Id. at 1212. Isolated incidents of

2   interference without any evidence of improper motive or interference with the inmate's right to

3   counsel or access to the courts fails to show a constitutional violation. Smith v. Maschner, 899 F.2d

4   940, 944 (10th Cir. 1990). "Two or three pieces of mail opened in an arbitrary or capricious way

5   suffice to state a claim." Id. at 1211 (quoting Merriweather v. Zamora, 569 F.3d 307, 318 (6th Cir.

6   2009)) (internal quotations omitted).

7          The First Amendment does not prohibit opening mail from the courts outside the recipient's

8   presence because it is not legal mail. Hayes, 849 F.3d at 1211; see also Keenan v. Hall, 83 F.3d

9   1083, 1094 (9th Cir. 1996) ("[M]ail from the courts, as contrasted with mail from a prisoner's

10  lawyer, is not legal mail."). "[A]ll correspondence from a court to a litigant is a public document,

11  which prison personnel could open if they want to inspect in the court's files." Keenan, 83 F.3d at

12  1094 (quoting Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987)).

13         Confidential correspondence between a prisoner and his attorney is protected by the Sixth

14  Amendment. See Nordstrom v. Ryan, 762 F.3d 903, 909 (9th Cir. 2014) ("What prison officials

15  don't have the right to do is read a confidential letter from an inmate to his lawyer."). Additionally,

16  the Ninth Circuit "recognize[s] that prisoners have a protected First Amendment interest in having

17  properly marked legal mail opened only in their presence." Hayes v. Idaho Corr. Ctr., 849 F.3d

18  1204, 1211 (9th Cir. 2017). This protection, however, does not extend to correspondence with

19  government agencies.  O'Keefe v. Van Boening, 82 F.3d 322, 326 (9th Cir. 1996) (upholding prison

20  policy including reviewing inmate correspondence with government officials, stating "Regulating

21  correspondence between prisoners and government agencies can serve to prevent criminal activity

22  and maintain prison security"); Hamilton v. Department of Corrections, 43 F. App'x 107 (9th Cir.

23  2002) (unreported) ("Although Hamilton may have a right to correspond confidentially with an FBI

24  agent under California law, see Cal. Code Regs. tit. 15, § 3141(a) & (c)(2) (inmates may correspond

25  confidentially with federal officials appointed by the President of the United States, and their staff

26  members), no such federal constitutional right exists"); Grigsby v. Horel, 2008 WL 11422633, at

27  *2 (N.D. Cal., Apr. 28, 2008); aff'd 341 F. App'x 314 (9th Cir. 2009) ("The cited incoming mail

28  from the Commission on Judicial Performance, Del Norte County Superior Court and the State Bar

1    of California is not material because it was not 'legal mail.' "); <u>Williams v. Simon</u>, 2018 WL

2    1585785, at *4 (D. Or. Mar. 30, 2018) ("A prison need not treat all mail sent to government officials

3    as legal mail.").

4             Plaintiff's claim is premised on the confiscation of a letter from a bar organization, not mail

5    from an attorney. Because First Amendment protections do not extend to letters from government

6    agencies, Plaintiff fails to state a claim against any of these defendants.  <u>See</u> <u>Mann v. Adams</u>, 846

7    F.2d 589, 590-91 (9th Cir. 1988) (per curiam) (no constitutional violation when mail from public

8    agencies, public officials, and news media was opened outside inmate's presence); <u>Grigsby v.</u>

9    <u>Horel</u>, 341 F. App'x 314, 314 (9th Cir. 2009) (mailings to and from public and state agencies are

10   not legal mail and could be read by prison officials); <u>Barstad v. Dep't of Corr.</u>, No. C14-0523RSL-

11   MAT, 2015 WL 1867082, at *13 (W.D. Wash. Apr. 23, 2015) (prison officials were not required

12   to open mail from state agency in inmate's presence); <u>Blaisdell v. Dep't of Pub. Safety</u>, No. 14-

13   00433 JMS/RLP, 2014 WL 5581032, at *4 (D. Haw. Oct. 31, 2014) ("[M]ail to and from state

14   agencies is not 'legal mail,' and may be opened and inspected outside an inmate's presence."); <u>Cripe</u>

15   <u>v. Hininger</u>, No. 6:12cv422, 2013 WL 1984379, at *3 (E.D. Tex. Apr. 25, 2013) (mail from "Child

16   Protective Services" and "Family Services" was not legal mail and could be opened outside inmate's

17   presence).

18             Similarly, the complaint contains no allegations from which it could be inferred that the

19   mail from the State Bar concerned Plaintiff's representation in a pending matter and was legal mail.

20   <u>See</u> <u>Hayes v. Radford</u>, No. 1:09-CV-00555-BLW, 2012 WL 4481213, at *8 (D. Idaho Sept. 28,

21   2012) ("Hayes I") (mail to inmate from Idaho State Bar was not legal mail), aff'd, 584 F. App'x

22   633 (9th Cir. 2014); <u>Jenkins v. Huntley</u>, 235 F. App'x 374, 376 (7th Cir. 2007) (letter from Illinois

23   Attorney Registration and Disciplinary Commission was not legal mail, particularly when inmate

24   was not represented or seeking representation by Commission). The State Bar "does not provide

25   legal advice or directly represent clients in legal matters." <u>Hayes I</u>, 2012 WL 4481213, at *8.

26   Accordingly, Plaintiff fails to state a cognizable claim for relief.

27        **B.    Deprivation of Property**

28             The Due Process Clause of the Fourteenth Amendment of the United States Constitution

protects Plaintiff from being deprived of property without due process of law, <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, <u>Hansen v. May</u>, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause, <u>see</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 532, n.13 (1984); <u>Quick v. Jones</u>, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," <u>Nevada Dept. of Corrections v. Greene</u>, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing <u>Vance v. Barrett</u>, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. <u>Hudson v. Palmer</u>, 468 U.S. at 533; <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994).

Plaintiff's claim that his legal letter was improperly confiscated from him fails to give rise to a cognizable claim for relief.  Plaintiff's claim reflects a random and unauthorized deprivation of property, which is not cognizable under section 1983. Plaintiff's property claim may be actionable under state law, but such a claim must be brought in state court rather than in federal court. Indeed, Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property. <u>Barnett</u>, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895). Accordingly, Plaintiff fails to state a cognizable due process claim.

**C.      Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights may support a § 1983 claim. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985); <u>see also</u> <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995). A retaliation claim requires "five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005)

(footnote omitted); <u>accord</u> <u>Watson v. Carter</u>, 668 F.3d 1108, 1114-15 (9th Cir. 2012); <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009).

To the extent Plaintiff contend that Defendants retaliated against him, he has failed to allege that any adverse action was taken because of the exercise of his constitutional rights. Accordingly, Plaintiff fails to state a cognizable claim for relief.

**IV.**

**FAILURE  TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**

Here, the Court screened Plaintiff's complaint, and on August 7, 2023, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days.  (ECF No. 8.)  Plaintiff did not file an amended complaint or otherwise respond to the Court's August 7, 2023 order.  Therefore, on November 20, 2023, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 13.)  Plaintiff failed to respond to the November 20, 2023 order and the time to do so has passed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  <u>See, e.g.</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v. United States Postal Serv.</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

1   with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack

2   of prosecution and failure to comply with local rules).

3          "In determining whether to dismiss an action for lack of prosecution, the district court is

4   required to consider several factors: '(1) the public's interest in expeditious resolution of

5   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

6   the public policy favoring disposition of cases on their merits; and (5) the availability of less

7   drastic sanctions.' " <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson</u>, 779 F.2d at 1423).  These

8   factors guide a court in deciding what to do, and are not conditions that must be met in order for a

9   court to take action.  <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d

10   1217, 1226 (9th Cir. 2006) (citation omitted).

11          In this instance, the public's interest in expeditious resolution of the litigation and the

12   Court's need to manage its docket weigh in favor of dismissal.  <u>In re Phenylpropanolamine (PPA)</u>

13   <u>Products Liability Litigation</u>, 460 F.3d at 1226.  Plaintiff was ordered to file an amended

14   complaint within thirty days of August 7, 2023 and has not done so.  Plaintiff's failure to comply

15   with the order of the Court by filing an amended complaint hinders the Court's ability to move

16   this action towards disposition.  This action can proceed no further without Plaintiff's compliance

17   with the order and his failure to comply indicates that Plaintiff does not intend to diligently

18   litigate this action.

19          Since it appears that Plaintiff does not intend to litigate this action diligently there arises a

20   rebuttable presumption of prejudice to the defendants in this action.  <u>In re Eisen</u>, 31 F.3d 1447,

21   1452-53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of

22   dismissal.

23          The public policy in favor of deciding cases on their merits is greatly outweighed by the

24   factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  In order

25   for this action to proceed, Plaintiff is required to file an amended complaint curing the

26   deficiencies in the operative pleading.  Despite being ordered to do so, Plaintiff did not file an

27   amended complaint or respond to the order to show cause and this action cannot simply remain

28   idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh

1 | Plaintiff's failure to comply with the Court's orders.

2 |      Finally, a court's warning to a party that their failure to obey the court's order will result

3 | in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262;

4 | Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's August 7, 2023, order

5 | requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an

6 | amended complaint in compliance with this order, the Court will recommend to a district judge

7 | that this action be dismissed consistent with the reasons stated in this order." (ECF No. 8.) In

8 | addition, the Court's November 20, 2023, order to show cause specifically stated: "Failure to

9 | comply with this order will result in a recommendation to dismiss this action for the reasons

10 | stated above." (ECF No. 13.) Thus, Plaintiff had adequate warning that dismissal would result

11 | from her noncompliance with the Court's order.

12 | **V.**

13 | **ORDER AND RECOMMENDATION**

14 |      The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended

15 | complaint within thirty days. Plaintiff has failed to comply with the Court's order to file an

16 | amended and has not responded to the Court's order to show why the action should not be

17 | dismissed. In considering the factors to determine if this action should be dismissed, the Court

18 | finds that this action should be dismissed for Plaintiff's failure to obey the August 7, 2023 and

19 | November 20, 2023 orders, failure to prosecute this action, and failure to state a cognizable claim

20 | for relief.

21 |      Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a

22 | District Judge to this action.

23 |      Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's

24 | failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim

25 | for relief.

26 |      This Findings and Recommendation is submitted to the district judge assigned to this

27 | action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen**

28 | **(14) days** of service of this Recommendation, Plaintiff may file written objections to this findings

1   and recommendation with the Court.  Such a document should be captioned "Objections to

2   Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate

3   judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are

4   advised that failure to file objections within the specified time may result in the waiver of rights

5   on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan,

6   923 F.2d 1391, 1394 (9th Cir. 1991)).

7

8   IT IS SO ORDERED.

9   Dated:   **December 14, 2023**

    UNITED STATES MAGISTRATE JUDGE